UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

DUNCAN P. MacISSAC, JR.,

        Plaintiff,

**09 CIV. 2828**

vs.

**COMPLAINT**

TOWN OF POUGHKEEPSIE, JOHN O'ROURKE *JUDGE ROBINSON*
DARRELL HONKALA, CRAIG MEISEL, JASON
GUY AND EDWARD KOLOR, Police Officers
sued in their individual capacities,

        Defendants.
-----------------------------------------------------------------x

      By and through his counsel, Michael H. Sussman, plaintiff complains of

defendants as follows:

      1.  Plaintiff is a resident of the City of Poughkeepsie.

      2.  Plaintiff is a white male who was 53 years of age when the incident

which gives rise to this lawsuit occurred.

      3.  Defendant, Town of Poughkeepsie, is a municipal corporation organized

pursuant to the laws of the State of New York.  It may sue and be sued.

      4.  On March 1, 2008, Defendants John O'Rourke, Darrell Honkala, Craig

Meisel, Jason Guy and Edward Kolor were all working as police officers for the

Town of Poughkeepsie.

5. Each defendant named in paragraph 4 above responded in police uniform and in a police vehicle to the scene of plaintiff's vehicle in the Town of Poughkeepsie on March 1, 2008.

6. All the acts and omissions complained of herein were committed or omitted under color of state law.

7. As plaintiff contends that individual defendants violated his constitutional rights by using excessive force in the making of an arrest and after he was in police custody and that defendant Town enabled this violation by its policies, practices and customs, this Court has jurisdiction over this action pursuant to 28 U.S.C. secs. 1331 and 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

8. On March 1, 2008, plaintiff was operating a motor vehicle on a public highway in the Town of Poughkeepsie.

9. With arguable probable cause, defendant police officers stopped plaintiff's vehicle.

10. With arguable probable cause, defendant police officers decided to arrest plaintiff for the crime of driving while intoxicated.

11. Before he was handcuffed but while in police custody, plaintiff advised defendant police officers that he had back surgery scheduled for the following

Monday and that he was suffering from low sugar.

11.  After defendants handcuffed plaintiff, though he was not resisting arrest, defendants tasered him on three occasions, bent his back, arms and legs in a manner which caused significant pain and otherwise used force excessive to that needed to control him.

12.  At no time did plaintiff resist arrest.

13.  Those defendants who did not directly apply excessive force to plaintiff watched and observed as it was applied and did nothing to prevent the unconstitutional treatment of the plaintiff administered by those officers using excessive force in their presence.

14.  After being so treated, plaintiff filed a complaint with the Town of Poughkeepsie.

15.  Though the police officers' treatment of plaintiff is recorded on a video with often audible audio, the defendant Town failed to discipline these officers for their use of excessive force or retrain them in any manner.

16.  The excessive force used by defendant police officers was directly caused by defendant Town's failure to adequately train and supervise its police officers, including the individual defendants named in this lawsuit.

17.  Had they been properly trained, five police officers would have been

able to arrest and take plaintiff into custody without the use of excessive physical force.

18.  Had they been properly supervised, five police officers would never have believed they could have gotten away with the use of excessive force against a handcuffed man who had advised them of his serious back injuries.

19.  The conduct of the individual police officers was malicious and needs to be deterred to preserve the essence of a civilized society.

20.  By and through the conduct alleged, plaintiff suffered significant pain, physical and mental injuries, anxiety and the diminution of the enjoyment of life.

21.  Plaintiff incorporates paras. 1-20 as if fully re-written herein.

22.  By and through their conduct, individual defendants violated the right of the plaintiff as guaranteed by the Fourth Amendment as made actionable by 42 U.S.C. sec. 1983  to be free of excessive force undertaken by agents of the state acting under color of state law.

23.  As the conduct engaged in by the individual defendants was occassioned by policies, practices and customs of the defendant Town of Poughkeepsie which featured the absence of proper municipal training, supervision and discipline of its police officers, defendant Town violated the rights of plaintiff to due process of law as guaranteed by the Fourth and

Fourteenth Amendments to the United States Constitution as enforced by 42 U.S.C. sec. 1983.

WHEREBY plaintiff prays that this Honorable Court:

a) accept jurisdiction over this cause;

b) empanel a jury to hear and decide the matter;

c) award compensatory and punitive damages as against the individual officer defendants;

d) award compensatory damages as against the Town defendant;

e) award attorneys fees and costs to plaintiff;

f) enjoin the defendant Town from failing to train, supervise and discipline its police officers and appoint a Master to supervise the proper implementation of constitutionally requisite practices;

g) enter any other relief the interests of law and equity require.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

COUNSEL FOR PLAINTIFF